BOLIN, Judge.
Maxwell Motors, Inc., sued Fred Davis for the unpaid balance due on a chattel mortgage note. The note and mortgage were executed in connection with an alleged sale of a truck from plaintiff to defendant. Defendant answered denying liability and seeking rescission of the sale. Defendant also reconvened for $306, the amount paid by him on the note. Following trial the lower court for brief written reasons rendered judgment for plaintiff as prayed for and defendant appeals.
The primary question on appeal is whether the transaction between Maxwell Motors and Davis constituted a valid sale of the truck, entitling the seller to enforce payment from the buyer under the note and chattel mortgage given as security for the unpaid purchase price.
We find the facts as follows:
On February 27, 1974, plaintiff sold defendant a 1971 model truck for a price of $3,197. Defendant was credited with $650 as the trade-in value of an old truck. In payment for the 1971 truck defendant executed a promissory note and chattel mortgage in the face amount of $3,672, representing the net sale price of $2,547 plus finance and insurance charges. On the date of the sale defendant did not surrender possession of the old truck to plaintiff because he had to obtain the certificate of title to same.
Additionally, plaintiff agreed to make some repairs to the truck. Within , a few days following the original agreement plaintiff made the repairs to the truck but defendant informed plaintiff he was unable to secure the title certificate to his old truck. Plaintiff and defendant agreed that plaintiff would accept $500 cash in lieu of the trade-in of defendant’s old truck. Defendant being unable to secure the $500 cash payment, plaintiff offered to finance this amount if defendant would offer additional security by giving plaintiff a second mortgage on his home. The parties were unable to agree on this latter suggestion. Defendant insisted that he wanted the truck and plaintiff made several proposals to finance the down payment.
During this period of negotiation the truck remained in the possession of plaintiff and defendant made two monthly payments on the chattel mortgage note. Defendant having failed to make the down payment and having become delinquent in his installment payments under the mortgage, plaintiff filed suit by ordinary process on the'note and chattel mortgage for the full amount of the note. Suit was not instituted for the alleged balance due for the down payment.
On appeal, defendant argues the sale should be rescinded and his payments on the note returned to him for plaintiff’s failure to comply with its obligation to deliver the truck as required by Civil Code Article 2475:
The seller is bound to two principal obligations, that of delivering and that of warranting the thing which he sells.
Defendant contends plaintiff cannot enforce the contract of sale without having complied with the seller’s obligation to deliver the thing sold.
On the other hand plaintiff contends the contract of sale was complete under C.C. Art. 2456 which provides the sale is perfect “as soon as there exists an agreement for the object and for the price thereof, although the object has not yet been delivered, nor the price paid.” Plaintiff argues C.C. Art. 2475, on which defendant relies, *75 must be read in conjunction with C.C. Arts. 2485 and 2487:
Art. 2485. If the seller fails to make the delivery at the time agreed on between the parties, the buyer will be at liberty to demand, either a canceling of the sale, or to be put into possession, if the delay is occasioned only by the deed of the seller. (Emphasis added)
Art. 2487. The seller is not bound to make a delivery of the thing, if the buyer does not pay the price, and the seller has not granted him any term for the payment.
Plaintiff contends the delay in delivery was occasioned by agreement of the parties and not “only by the deed of the seller.” Furthermore, plaintiff argues it was not required to make delivery of the truck until the price, i. e., the down payment, was paid.
From our review of the record, we find the parties agreed plaintiff would keep the truck while defendant attempted to raise enough money to make the down payment and that defendant never paid the down payment.
Accordingly, we hold plaintiff did not breach its obligation to deliver the truck, which would have entitled defendant to a rescission of the sale; there was a perfected sale of the truck by plaintiff to defendant despite the fact of non-delivery.
Although we affirm the trial court’s judgment on the issue of liability, we conclude the amount of the award must be reduced because it does not reflect a refund of unearned finance and insurance charges as required by Louisiana Revised Statutes 6:958. We calculate that amount to be $575.59.
For the reasons assigned the judgment of the lower court is amended to reduce the amount from $3366.00 to $2790.41; as thus amended, it is affirmed.
Appellee is assessed with the cost of this appeal.